## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20 CV 1635 MTS |
| ) | |
| CORIZON HEALTH CARE, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of Plaintiff, Joseph Michael Devon Engel's, self-represented complaint. For the reasons discussed below, the Court will order Plaintiff to file a signed, amended complaint on a Court-provided form. Plaintiff will have twenty-one (21) days to comply with this Memorandum and Order.

### Complaint

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on November 18, 2020. Plaintiff's complaint is handwritten on a court form. Plaintiff brings this action against fourteen (14) defendants: Corizon Health Care; Corizon Director; Corizon Assistant Director; Eastern Reception, Diagnostic and Correctional Center (ERDCC); Corizon Assistant Superintendent; Corizon Superintendent; Corizon Supervisor; Corizon Doctor; Corizon Nurse (RN); Corizon Nurse (LPN); Corizon Nurse Practitioner; Corizon Med. Tech.; Corizon Chronic Care; and Missouri Department of Corrrections. He sues defendants in their official capacities only.

Plaintiff asserts that on November 10, 2020, he was at 7 House at ERDCC and was vomiting blood. He claims that he was unable to hold anything down and was having hot and cold flashes at that time, as well as "uncontrollable shakes." He claims his vision was going in and out

and he was unable to lay on his right side to sleep. Plaintiff does not, however, indicate how these medical claims resulted in an alleged violation of his constitutional rights. For relief in this action, Plaintiff seeks compensatory and what appears to be punitive damages in an amount in excess of $900 trillion dollars. Plaintiff also seeks stocks, as well as precious metals.

Although Plaintiff Engel filed his action on a court-form, and he filed an accompanying motion to proceed in forma pauperis, he has failed to file a prison account statement. Additionally, he has failed to properly articulate a claim within his complaint as outlined below.

## Discussion

Plaintiff's complaint is deficient as pleaded. He has not properly pleaded a denial of access to the Courts under the Eighth Amendment.

To state a claim for medical mistreatment, Plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). In order to show deliberate indifference, Plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of, but deliberately disregarded, those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Plaintiff has failed to allege that any of the named defendants were deliberately indifferent to his medical needs on November 10, 2020.[1] Additionally, Plaintiff has failed to name

---

[1] Liability under 42 U.S.C. § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where Plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured Plaintiff); *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, Plaintiff has not set forth any facts indicating a specific defendant was directly involved in, or personally responsible for, the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

defendants in their proper capacity in this lawsuit. On this basis, the complaint is also subject to dismissal.[2]

Because Plaintiff is self-represented, the Court will give him the opportunity to file a signed, amended complaint to set forth his own claims for relief. Plaintiff should type or neatly print his complaint on the Court's prisoner civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). In the "Caption" section of the Court-provided form, Plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

In the "Statement of Claim" section, Plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If Plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

It is important that Plaintiff establish the responsibility of each separate defendant for harming him. That is, for each defendant, Plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct

---

[2] A suit against an official of the state government in their official capacity is a claim against the State of Missouri. In the absence of a waiver, the Eleventh Amendment bars a § 1983 suit against a state entity or an individual employed by the state in his official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998).

responsibility for, the deprivation of rights."). It is not enough for Plaintiff to make general allegations against all the defendants as a group. Rather, Plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can know what he or she is accused of doing. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim") (internal quotations and citation omitted). The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). If Plaintiff fails to file an amended complaint on a Court-provided form within twenty-one (21) days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

Finally, although Plaintiff has moved to proceed in forma pauperis, he has not provided a proper prison account statement.[3] After Plaintiff files his account statement and amended pleading, the Court will review his amended complaint pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant.

---

[3] The document designated by Plaintiff as an account statement is merely an account summary and not a certified prison account statement from the Missouri Department of Corrections.

If Plaintiff fails to comply with the Court's Order, within twenty-one (21) days, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to Plaintiff a copy of the Court's "Prisoner Civil Rights Complaint" form.

**IT IS FURTHER ORDERED** that Plaintiff must file an amended complaint on the Court's form within **twenty-one (21) days** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff must file a prison account statement within **twenty-one (21) days** of the date of this Order.

**If Plaintiff fails to timely comply with this order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 7th day of January, 2021

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE